UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:                              |
                                    |
    DAWN M. BARR                    |    Case No. 15-26992 DER
                                    |    Chapter 13
        Debtor(s)                   |

## OBJECTION TO CONFIRMATION

     Nancy Spencer Grigsby, Chapter 13 Trustee in the above-captioned case ("Trustee"), pursuant to section 1325, generally, of the Bankruptcy Code and Bankruptcy Rule 3015 (f) objects to confirmation of the Debtor(s) Chapter 13 Plan.  In support of her motion, the Trustee respectfully represents the following:

[___] 1.  The Trustee has not received one or more Plan payments from the Debtor.  The Debtor has failed to commence making timely payments as required by 11 U.S.C. §1326.  This failure to make payments shows that the Debtor will not be able to make all payments under the Plan and to comply with the Plan, as required by 11 U.S.C. § 1325(a)(6).

[___] 2.  Debtor(s) Counsel proposes to be paid fees through the confirmed Plan.  The Disclosure of Compensation is inconsistent with the amount due pursuant to the proposed Plan. The Trustee requests clarification of the fees owed to Counsel.

[___] 3.  Debtor(s) Counsel proposes to be paid fees through the Plan on a flat fee basis as an administrative priority expense pursuant to 11 U.S.C. § (a) (2).  However, the Plan language in ¶2.b. of the proposed Plan is inconsistent with Local Bankruptcy Rule 9010-6, which requires counsel to abide by Appendix F entitled Chapter 13 Debtor's Counsel Responsibilities and Fees (the "Guidelines").  Any fee arrangement other than that encompassed by the Guidelines is subject to review by the Court and requires a fee application.

[ X ] 4.  The Debtor(s) has failed to provide a contribution letter from her sister.

[ X ] 5.  The Debtor's income was verified lower than what is reported on Schedule I.

[ X ] 6.  Pursuant to discussions at the meeting of creditors, the Debtor was to amend schedule I to more accurately reflect the household budget.  To date, no such amendment have been filed.  Accordingly, the Trustee cannot determine whether the Plan is feasible or whether all projected disposable income is dedicated to Plan payments.

[___] 7.  The Plan fails to provide that all of the Debtor's projected disposable income will be applied to payments under the Plan.  Accordingly, the Plan does not satisfy the requirements of 11 U.S.C. §1325(b)(1)(B).

[ __ ] 8.   The amount shown on Line 20.c. of the Debtor's Schedule J is significantly less than the amount of the Debtor's proposed monthly Plan payment. This disparity shows that the Debtor will not be able to make all payments under the Plan and to comply with the Plan, as required by 11 U.S.C. § 1325(a)(6).

[ __ ] 9.   The B22C Statement of Current Monthly Income and Calculation of the Commitment Period and Disposable Income is incorrect. The Debtor has failed to file an amended B22C form as requested at the meeting of creditors. Accordingly, the Trustee cannot determine the adequacy of the proposed payment terms.

[ __ ] 10.  The Debtor(s) is/are self-employed. At the meeting of creditors, the Trustee requested business reports and proof of estimated tax payments, which have not been received as of this date. Accordingly, the Trustee cannot determine whether the Plan is feasible.

[ __ ] 11.  The Debtor(s) has failed to provide the Trustee with information requested regarding the real property listed on Schedule A. Specifically, the Trustee has requested proof of ownership and a current valuation of the property. Without this information, the Trustee is unable to conduct the liquidation analysis and determine whether the Plan is sufficiently funded.

[ __ ] 12.  Pursuant to §1325 (b)(4)(ii) the "applicable commitment period" is not less than 5 years. The Plan proposed by the Debtor fails to meet this requirement as it provides for monthly payments for only 36 months.

[ __ ] 13.  The Plan as filed does not provide for payments to the holders of allowed secured claims in equal monthly amounts, as required by 11 U.S.C. §1325(a)(5)(B)(iii).

[ __ ] 14.  The Plan proposes to cure pre-petition mortgage arrearages. The Plan does not provide sufficient funding to cure the arrearage.

[ __ ] 15.  The Plan as filed does not propose to pay to the holders of allowed unsecured claims an amount that is not less than those claimants would receive if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. Accordingly, the Plan does not satisfy the requirements of 11 U.S.C. §1325(a)(4).

**[ X ]** 16.   The Plan does not provide for the Capital One arrears in the amount of $467.88.

[ __ ] 17.  The Plan as filed does not provide for full payment of all claims entitled to priority under 11 U.S.C. § 507, as required by 11 U.S.C. § 1322(a)(2). The Plan classifies claims, but does not provide the same treatment for each claim within a particular class, as required by U.S.C. § 1322(a)(3).

[ __ ] 18.  The Plan proposes to strip down certain liens. The Debtor(s) has failed to take any affirmative action to effectuate the lien avoidance.

[ **X** ]  19.  There has been no proof of claim filed by FCI Lender.  The Plan will need to include equal monthly amounts for FCI lender and remove "to be determined by trustee" language".

[___] 20.  The Debtor has not filed all applicable Federal, State and local tax returns as required by 11 U.S.C. § 1325(a)(9).

[___] 21.  The Debtor(s) has failed to complete and return to the Trustee the Domestic Support Obligation Certification as requested prior to the meeting of creditors.

[___] 22.  The Debtor(s) have failed to file an affidavit disclosing § 1326 (a)(1) pre-confirmation payments pursuant to Administrative Order 06-01.

[ **X** ] 23.   The Debtor(s) have failed to file a pre-confirmation certification pursuant to LBR 3015-2 (c).

[___] 24.  The Trustee will require the Debtor(s) to provide a payoff date for the 401k/TSP/vehicle loan, and to increase the plan funding after the loan is paid in full.

[ **X** ] 25.   The Trustee will require the Debtor(s) to provide a copy of the income tax returns for 2011 and 2015 tax years prior to recommending confirmation of the Plan.

[___] 26.  Because the Debtor has received substantial tax refunds in recent years, it is reasonable to assume that the Debtor will receive similar refunds upon the filing of tax returns during the term of the Plan.  The Debtor's Plan, however, fails to provide for the payment of these tax refunds to the Trustee.  Accordingly, the Plan fails to provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of 11 U.S.C. § 1325(b)(1)(B).

[___] 27.  The Trustee will require the Debtor(s) to provide the payroll address to be used for the Employer's Payment Order prior to recommending confirmation of the Plan.

[___] 28.  The Trustee will require the Debtor(s) to provide a Consent Addendum if the Debtor(s) is/are not employed at the time of confirmation.

[ **X** ] 29.  Given all of the above, the Trustee also questions whether the Debtor(s) has demonstrated a sincere desire to reorganize his/her debts and has presented a Chapter 13 Plan in good faith.

**WHEREFORE**, the Trustee cannot recommend confirmation of the Plan.

                                            Respectfully submitted,

Date:  March 8, 2016                            **/s/ Nancy Spencer Grigsby**

>Nancy Spencer Grigsby
>Chapter 13 Trustee
>4201 Mitchellville Road #401
>Bowie, Maryland 20716
>ngrigsby@ch13md.com

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing Objection to Confirmation was served on March 8, 2016 electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

Dawn M. Barr
2006 Chaperl Rd
Havre De Grace, MD 21078
*Debtor(s)*

Lee Tuchman, Esq.
1111 Park Avenue, Suite L150
Baltimore, MD 21201
*Attorney for Debtor(s)*

>**/s/ Nancy Spencer Grigsby**
>Chapter 13 Trustee